IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,950-01






EX PARTE STEVEN LEON PURTLE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W09-25087-U (A) IN THE 291ST JUDICIAL DISTRICT COURT


FROM DALLAS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to driving while
intoxicated, and was sentenced to five years' community supervision. His community supervision
was later revoked, and he was sentenced to five years' imprisonment. He did not appeal his
conviction. 

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because 
counsel entered a guilty plea without consulting Applicant, failed to investigate, and failed to file
notice of appeal. It is unclear from Applicant's allegations whether he is referring to his counsel at
the original plea, or his counsel at the revocation proceedings. The record shows that Applicant
signed the plea agreement in exchange for community supervision, indicating that he was aware of
that plea. Although the judgment revoking community supervision shows that Applicant pleaded
"true" to violating the conditions of community supervision, there is nothing in the record to show
whether evidence was presented or testimony taken during the revocation proceedings, or to indicate
what advice counsel gave to Applicant with respect to his plea at revocation.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain an affidavit from Applicant's counsel at the revocation proceedings, responding to
Applicant's claims of ineffective assistance of counsel. Specifically, counsel shall state whether he
investigated the allegations in the State's motion to revoke, whether he advised Applicant of his right
to plead "not true" to the allegations, and whether he advised Applicant regarding any remaining
right to appeal. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, §
3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with all documentation relating to the
revocation proceedings in this case. If a hearing was held on the motion to revoke, the trial court
shall supplement the record with a transcript of that hearing, as well as any written motions or plea
documents pertaining to the revocation proceedings. The trial court shall then make findings of fact
as to whether the performance of Applicant's revocation attorney was deficient and, if so, whether
counsel's deficient performance prejudiced Applicant. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: February 1, 2012

Do not publish